UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Disney Enterprises, Inc. and Buena Vista Pay
Television, Inc.,

               Plaintiffs,

            -against-

DISH Network L.L.C.,

               Defendant.

Civil Action No. 11 CIV 2973 (GBD)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DISH NETWORK L.L.C.'S MOTION TO DISMISS THE COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   PROCEDURAL BACKGROUND ....................................................................... 3

III.  FACTUAL ALLEGATIONS ............................................................................... 3

    A.   All of Plaintiffs' Claims Are Based On The Contract Between BV and
        Starz ...................................................................................................... 4

    B.   Relevant Parts of the BV-Starz License that Plaintiffs Omitted ........................... 5

    C.   Starz' Separate Suit Against DISH in Colorado State Court .................................. 6

IV.  THIS COURT SHOULD DISMISS THIS CASE BECAUSE PLAINTIFFS
    AGREED THAT CALIFORNIA WOULD HAVE EXCLUSIVE
    JURISDICTION ................................................................................................... 6

    A.   There is No Question that the Clause Was Communicated to Plaintiffs ................ 7

    B.   The Clause is Mandatory .................................................................................... 8

    C.   Both the Claims at Issue and the Parties to the Suit Are Subject to the
        Clause ................................................................................................................. 8

        1.   The Claims "Arise Out of" and Are "Based Upon" the License ................ 8

        2.   DISH Can Enforce the Clause as a "Closely Related" Party ..................... 9

    D.   The Exclusive Jurisdiction Provision is Enforceable ........................................... 12

V.   PLAINTIFFS' COPYRIGHT CLAIMS (COUNTS 1-3) SHOULD BE
    DISMISSED ....................................................................................................... 13

    A.   Based on the Plain Language of the BV-Starz License, Counts 1-3 for
        Copyright Infringement Are Properly Breach of Contract Claims and
        Should Be Dismissed .......................................................................................... 13

    B.   Plaintiffs' Copyright Claims Also Should Be Dismissed Because Even If
        DISH Violated the "Pay Television" Provision, It Could Still Be in
        Compliance with the Terms of the BV-Starz License ........................................... 15

VI.  STARZ MUST BE JOINED AS A NECESSARY PARTY TO THIS DISPUTE ........... 16

VII. CONCLUSION ................................................................................................... 20

## TABLE OF AUTHORITIES

### FEDERAL CASES

**Page**

*Aguas Lenders Recovery Group LLC v. Suez, S.A.,*
   585 F.3d 696 (2d Cir. 2009) .......................................................................................9

*Ariel (UK) Ltd. v. Reuters Group PLC.*
   No. 05 Civ. 9646, 2006 WL 3161467 (S.D.N.Y. Oct. 31, 2006)…………………………… 14

*Bense v. Interstate Battery Systems of American,*
   683 F.2d 718 (2d Cir. 1982) .......................................................................................8

*Blue Tree Hotels Inv. v. Starwood Hotels & Resorts Worldwide, Inc.,*
   369 F.3d 212 (2d Cir. 2004) .......................................................................................6

*Bomar Reserve, Inc. v. Sierra Rutile Ltd.,*
   No. 90 Civ. 3773, 1991 WL 4544 (Jan. 15, 1991)…………………………………………... 16

*Cfirstclass Corp. v. Silverjet PLC,*
   560 F. Supp. 2d 324 (S.D.N.Y. 2008) ........................................................7, 8, 9, 10

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147 (2d Cir. 2002) .......................................................................................5

*Crane Co. v. Coltec Industries, Inc.,*
   171 F.3d 733 (2d. Cir. 1999) .....................................................................................13

*Cuno, Inc. v. Hayward Industrial Products., Inc.,*
   No. Civ. 3076, 2005 WL 1123877 (S.D.N.Y. May 10, 2005) ...........................................9, 10

*Davidson Well Drilling, Ltd. v. Bristol-Meyers Squib Co.,*
   No. 09 Civ. 1431, 2009 WL 2135396 (S.D.N.Y July 16, 2009) .......................................16, 18

*Direct Mail Production Services Ltd. v. MBNA Corp.,*
   No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000)……………………… 11, 12

*Effects Associates, Inc. v. Cohen,*
   908 F.2d 555 (9th Cir. 1990) ....................................................................................14

*Errico v. Stryker Corp.,*
   No. 10 Civ. 3960, 2010 WL 5174361 (S.D.N.Y. Dec. 14, 2010) ...................................17, 18

*Graham v. James,*
   144 F.3d 229 (2d Cir. 1998) ....................................................................................13, 14

*Graham Technology Solutions, Inc. v. Thinking Pictures, Inc.,*
   949 F. Supp. 1427 (N.D. Cal. 1997)……………………………………………………... 10

*Intelligraphics, Inc. v. Marvell Semiconductor, Inc.,*
   No. C07-02499, 2009 WL 330259 (N.D. Cal. Feb. 10, 2009)……………………………….. 14

*John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.,*
   22 F.3d 51 (2d Cir. 1994) ............................................................................................... 8

*M/S Bremen v. Zapata Off-Shore Co.,*
   407 U.S. 1 (1972) ........................................................................................................ 12

*MacEntee v. IBM,*
   No. 08 Civ. 7491, 2011 WL 812395 (S.D.N.Y. Mar. 3, 2011) ................................ 13

*Maldonado v. Valsyn, S.A.,*
   No. 06 Civ. 15290, 2009 WL 3094888 (S.D.N.Y. Sept. 23, 2009)............................ 14

*MDY Industries v. Blizzard Entertainment, Inc.,*
   629 F.3d 928 (9th Cir. 2010) .................................................................................... 14

*Netbula LLC v. Storage Technology Corp.,*
   No. C06-07391, 2008 WL 228036 (N.D. Cal. Jan. 18, 2008)…………………………….. 14

*Phillips v. Audio Active Ltd.,*
   494 F.3d 378 (2d Cir. 2007) ................................................................................... 7, 9

*Roby v. Corporation of Lloyd's,*
   996 F.2d 1353 (2d Cir. 1993) ..................................................................................... 7

*Russian Entm't Wholesale, Inc. v. Close-Up International, Inc.,*
   No. CV-05-4073, 2011 WL 743127 (E.D.N.Y. Mar. 3, 2011)……………………………… 16

*Ryan v. Volpone Stamp Co., Inc.,*
   107 F. Supp. 2d 369 (S.D.N.Y. 2000) ............................................................... 17, 18

*S.K.I. Beer Corp. v. Baltika Brewery,*
   612 F.3d 705 (2d Cir. 2010) ............................................................................. 1, 7, 8

*TradeComet.com LLC v. Google, Inc.,*
   693 F. Supp. 2d 370 (S.D.N.Y. 2010) ................................................................. 5, 8

# FEDERAL RULES

Fed. R. Civ. P. 12(b)(1) .............................................................................................................6, 7

Fed. R. Civ. P. 12(b)(3) .............................................................................................................6, 7

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................*passim*

Fed. R. Civ. P. 12(b)(7)……………………………………………………………………... 2, 16, 19

Fed. R. Civ. P. 19(a)(1)(B)(i) ................................................................................................17, 19

Fed. R. Civ. P. 19(a)(1)(B)(ii) ..............................................................................................16, 19

Fed. R. Evid. 201(b) .....................................................................................................................6

## I.     INTRODUCTION

Plaintiffs, Disney Enterprises, Inc. ("Disney") and Buena Vista Pay Television, Inc. ("BV"), allege that in February 2011, DISH Network L.L.C. ("DISH") celebrated its 30th Anniversary by providing some of its customers with "free" access for one year to channels provided by non-party Starz Entertainment, LLC ("Starz"). Four months after this promotion was announced, in May 2011, Plaintiffs brought this lawsuit against DISH alleging three copyright claims and a tortious interference with contract claim based entirely on the allegation that DISH violated the "Pay Television" provision of BV's License Agreement with Starz ("BV-Starz License").

Plaintiffs' claims rise and fall on the interpretation of the BV-Starz License, but Plaintiffs withheld that agreement from this Court. Rather, in their Complaint, Plaintiffs quote only one paragraph defining "Pay Television Service," and ask this Court to find copyright infringement and tortious interference with contract based on that single definition pulled from the 53-page BV-Starz License.

Plaintiffs' Complaint never mentions the mandatory forum selection clause, which dictates that "*the state and federal courts located in the City of Los Angeles shall have exclusive jurisdiction* over any suit or other proceeding arising out of or based upon this Agreement." This clause meets the Second Circuit's four-part test governing the enforcement of forum selection clauses. *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010). As such, this Court should dismiss Plaintiffs' claims because they were required to be brought in California.

Even if this Court were to exercise jurisdiction over this case, Plaintiffs' copyright claims should be dismissed with prejudice. The BV-Starz License agreement licenses the copyrighted works at issue to Starz, which in turn, licenses them to its distributors. Well-settled Second

Circuit law holds that copyright owners who have granted nonexclusive licenses for the use of their copyrights, like Plaintiffs have done here, waive their right to sue for copyright infringement, unless a condition precedent of the license agreement is violated. A simple review of the BV-Starz License demonstrates that the one paragraph of the license upon which Plaintiffs exclusively rely is not a condition precedent. Indeed, the "Pay Television Service" definition is not included under the clearly identified "Conditions Precedent" section of the BV-Starz License, and consequently is at best a covenant. Thus, while Plaintiffs might have contractual claims, they cannot state a claim for copyright infringement. Further, the BV-Starz License grants a license for more than just "Pay Television"—a fact Plaintiffs fail to disclose in their Complaint. Plaintiffs' copyright claims also should be dismissed because Plaintiffs do not (and cannot) allege that the 30th Anniversary Starz promotion does not fall within *any* of the various license grants. DISH can be in compliance with the BV-Starz License even if it violates the "Pay Television" provision. Accordingly, Plaintiffs' counts 1 through 3 for copyright infringement must be dismissed for failure to state a claim for which relief can be granted.

Additionally, pursuant to Rule 12(b)(7), Starz is a necessary party and should be joined, or else the case should be dismissed for failure to join. As a general rule, parties to a contract being interpreted and enforced are necessary parties to the action. Moreover, Starz has brought a separate case against DISH in Colorado State Court premised on the same factual allegations, asserting that the 30th Anniversary promotion violates the same "Pay Television" provision in the BV-Starz License and seeking the same relief. If both suits are allowed to proceed, DISH will be "subject to substantial risk of incurring double . . . or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).

## II.   PROCEDURAL BACKGROUND

On May 3, 2011, Plaintiffs served their Complaint on DISH, which purports to allege three copyright infringement claims and a tortious interference with contract claim.  On May 9, 2011, Plaintiffs sought an *ex parte* Order to Show Cause seeking a preliminary injunction that would affect millions of DISH's customers.  (Docket No. 5.)  The Court granted Plaintiffs' *ex parte* application and scheduled DISH to file responsive papers to Plaintiffs' motion for a preliminary injunction by May 20, Plaintiffs to file a reply by May 27, and a preliminary injunction hearing to be held on June 1.  (*Id.*)

## III.   FACTUAL ALLEGATIONS

Defendant DISH is a satellite television company, which provides television programming to over 14 million subscribers in the United States.  Complaint ¶ 12.  Plaintiff Disney and its affiliates produce and develop films, which Disney copyrights and markets.  *Id.* ¶¶ 13-14.  As the distributor of Disney's films, Plaintiff BV enters into license agreements with premium television providers.  *Id.* ¶ 16.  Non-party Starz is one such premium television provider.  *Id.* ¶ 18.  In early January 2010, BV "entered into a license agreement with Starz," granting Starz the right to distribute Disney's films.  *Id.* ¶ 19.  Starz reached an agreement with DISH to offer its subscribers Starz channels, including the Disney films aired on those channels.  *See id.* ¶¶ 18, 32-33.

In February 2011, as part of its 30th anniversary celebration, DISH notified millions of its subscribers and publicly announced that it would provide them Starz channels for free for one year.  *Id.* ¶ 29.  Three months later, in May 2011, Plaintiffs brought this action alleging that the 30th anniversary Starz promotion violated the BV-Starz License and asserted four claims against DISH:  (1) Copyright Infringement (injunction), (2) Copyright Infringement (additional relief),

(3) Secondary Copyright Infringement, and (4) Tortious Interference with Contract.  *Id.* ¶¶ 39-

75.  Plaintiffs did not bring suit against Starz.

### A.       All of Plaintiffs' Claims Are Based On The Contract Between BV and Starz

Plaintiffs' four claims are all based on the same theory—that DISH's 30th anniversary

Starz promotion violates the "Pay Television" provision of the BV-Starz License.  Complaint ¶

21.  Plaintiffs allege that the BV-Starz License requires that Disney's copyrighted films

identified in the Complaint (*e.g., id.* ¶ 20) to be shown as "Pay Television."  *Id.* ¶ 21.  Central to

Plaintiffs' Complaint is the following definition of "Pay Television Service" from the BV-Starz

License:

> "Pay Television Service" means "a subscription programming service . . . which
> service (i) does not contain Commercials; (ii) is offered on a Sequential Basis;
> (iii) is available alone or in a package with only other Pay Television Services;
> and (iv) with respect either to the Pay Television Service itself, or the package of
> Pay Television Services in which it is available (as applicable), the subscribing
> consumer is required to pay a material, time based (e.g., weekly, monthly) fee for
> the right to access and/or view such Pay Television Service(s).  The
> aforementioned fee must be charged in addition to the charge to the consumer for
> the obligatory basic tier of programming or access (or each of the multiple lower
> tiers, if and as applicable) to which the applicable consumer subscribes.  As of the
> Effective Date, certain channels of HBO, Cinemax, Showtime, The Movie
> Channel, Flix and Epix (and their respective multiplexes) and the STE Services
> are offered as Pay Television Services on certain (but not necessarily all)
> Traditional TV Offerings, and there are no other Pay Television Services.  Pay
> Television Service offerings are, if in conformance with this Section 1(v), referred
> to herein as "Pay Television."

*Id.* ¶ 22 (emphasis in original).  Plaintiffs claim that by giving Starz away for "free,"

DISH is violating the "Pay Television" requirement of the BV-Starz License, which

Plaintiffs allege means that a satellite provider must "charge and collect from its

subscriber a specific, time-based" fee in addition to what a satellite customer pays for the

"underlying access to television programming."  *Id.* ¶ 18.  Although their Complaint (1)

includes the lengthy definition of "Pay Television Service" from the BV-Starz License,

(2) dedicates an entire section to the purported contents of the BV-Starz License, and (3) references the alleged breach of the agreement throughout the Complaint, Plaintiffs did not provide this Court with a copy of the BV-Starz License. Nor did they name Starz as a defendant in the case.

### B.   Relevant Parts of the BV-Starz License that Plaintiffs Omitted[1]

DISH has supplied this Court with the version of the BV-Starz License that it received from Plaintiffs (DISH's copy of the BV-Starz License is attached to the Declaration of Scott P. Bridge at Exhibit A) after this action was commenced and that license provides the bases for the dismissal of Plaintiffs' claims.

The BV-Starz License provides that the "*state and federal courts located in the City of Los Angeles shall have exclusive jurisdiction* over any suit or other proceeding *arising out of or based upon* this Agreement." Bridge Decl. Ex. A (BV-Starz License ¶ 26(d)) (emphasis added). The full section reads:

> This Agreement and all matters collateral hereto shall be construed and enforced in accordance with the laws of the State of California applicable to contracts executed performed entirely therein. Each party irrevocably agrees that the state and federal courts located in the City of Los Angeles shall have exclusive jurisdiction over any suit or other proceeding arising out of or based upon this Agreement.

*Id.*

The BV-Starz License also contains a "CONDITIONS PRECEDENT TO OBLIGATIONS OF THE PARTIES" section, which does not include the "Pay Television

---

[1] "In deciding a motion to dismiss pursuant to either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3), a court may consider evidentiary matters outside the pleadings, 'by affidavit or otherwise,' regarding the existence of jurisdiction." *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010). In addition, a court analyzing a 12(b)(6) motion to dismiss may consider documents "of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted). DISH's inclusion of the BV-Starz License in support of its motion to dismiss meets both these standards.

Service" definition (the provision exclusively relied upon by Plaintiffs). *Id.* ¶ 25. In addition, the BV-Starz License does not contain a "reversion of rights" provision.

### C.   Starz' Separate Suit Against DISH in Colorado State Court

On May 3, 2011, Starz brought an action for breach of contract and declaratory relief against DISH in the District Court, Douglas County, Colorado (a copy of the Starz Colorado State Court Complaint that was served on DISH is attached as Exhibit B to the Bridge declaration).[2] Starz' Complaint is based on the same actions as Plaintiffs' suit before this Court, *i.e.*, that DISH's "FREE" promotion of Starz channels violated the requirement that those channels be offered as "Pay Television." Bridge Decl. Ex. B (Starz Complaint ¶¶ 7, 8, 34). Starz claims that studios, such as Disney, complained to it "that Dish's actions are infringing their copyrights." *Id.* ¶¶ 6, 34. Among other things, Starz is asking the Colorado District Court to enjoin "DISH from further offering any Starz television channel services to its subscribers in violation" of DISH's agreements with Starz (*id.* at pp. 11-12)—***the same relief Plaintiffs seek in this case.***[3]

## IV.   THIS COURT SHOULD DISMISS THIS CASE BECAUSE PLAINTIFFS AGREED THAT CALIFORNIA WOULD HAVE EXCLUSIVE JURISDICTION

Pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, DISH moves to dismiss Plaintiffs' claims based on the mandatory forum selection

---

[2]  Pursuant to Rule 201(b) of the Federal Rules of Evidence, this Court can take judicial notice of the Starz Complaint filed in Colorado State Court. The Second Circuit has held that a court may "look to public records, including complaints filed in state court, in deciding a motion to dismiss." *Blue Tree Hotels Inv. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

[3]  Plaintiffs allege a breach of the BV-Starz License. Starz alleges a breach of the Starz-DISH agreement, which confers rights that are derivative of the BV-Starz License. Both actions, however, seek an injunction prohibiting DISH from continuing to offer its 30th Anniversary promotion.

6

clause in the BV-Starz License.[4]  For a motion to dismiss based on a forum selection clause, courts "tak[e] the facts in the light most favorable to the party resisting enforcement." *Cfirstclass Corp.*, 560 F. Supp. 2d at 327.  Nonetheless, there is a "strong public policy in favor" of enforcing forum selection clauses. *See, e.g.*, *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1361-63 (2d Cir. 1993).

The Second Circuit applies a four-part test to determine if a forum selection clause is enforceable. *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010).  The four parts of the forum selection clause test are whether:  (1) "the clause was reasonably communicated to the party resisting enforcement," (2) the clause is "mandatory or permissive," (3) "the claims and parties involved in the suit are subject" to the clause,[5] and (4) "the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'"  *Id.* (citations omitted).  The forum selection clause at issue here satisfies each part of the test, requiring dismissal.

### A.   There is No Question that the Clause Was Communicated to Plaintiffs

The forum selection clause is contained in the BV-Starz License, the document upon which this suit is brought.  The forum selection clause of the BV-Starz License was negotiated and agreed to by Plaintiffs, then simply ignored by them when they brought this action.

---

[4] There is a split of authority concerning the "appropriate procedural mechanism by which to enforce a forum selection clause." *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 326-27 (S.D.N.Y. 2008) (finding that Rule 12(b)(1) was the appropriate vehicle, but noting that courts in the Second Circuit had also employed Rules 12(b)(3) and 12(b)(6)).

[5] The Second Circuit has implied that the second and third parts of the forum selection clause test may be governed by the law mandated in the agreement's choice of law provision (*i.e.*, here California), but has applied federal precedent when it was relied upon by the parties. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 385-86 (2d Cir. 2007).  Here, the forum selection clause satisfies prongs two and three of the test under both California law and federal precedent.

**B.**     **The Clause is Mandatory**

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *S.K.I. Beer Corp.*, 612 F.3d 705 at 708 (citation omitted). That is exactly the case here. The clause reads, "Each party irrevocably agrees that the state and federal courts located in the City of Los Angeles ***shall have exclusive jurisdiction*** over any suit or other proceeding arising out of or based upon this Agreement." Bridge Decl. Ex. A (BV-Starz License ¶ 26(d)) (emphasis added). It is well-settled that "exclusive jurisdiction" language, such as this, is considered "mandatory" and strips any other forum of jurisdiction over the dispute. *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.,* 22 F.3d 51, 52-53 (2d Cir. 1994); *see also TradeComet.com LLC*, 693 F. Supp. 2d at 374, 378 (finding almost the precise same language used in the clause at issue here as mandatory).

**C.**     **Both the Claims at Issue and the Parties to the Suit Are Subject to the Clause**

**1.**     **The Claims "Arise Out of" and Are "Based Upon" the License**

"The Second Circuit has held consistently that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses." *TradeComet.com LLC*, 693 F. Supp. 2d at 378. Interpreting similar language to the clause here, courts in the Second Circuit have found that federal and state (tort or other) claims must be litigated in the selected forum where they arise from the contracts at issue. *See Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 720 (2d Cir. 1982) (finding that antitrust claims arose from the agreement as the "gist" of the claims was wrongful termination); *Cfirstclass Corp.*, 560 F. Supp. 2d at 329-30 (enforcing the forum selection clause because plaintiff's tort claims relied "fundamentally on the terms of the agreements").

Plaintiffs' copyright and tortious interference with contract claims are no different. As evidenced by their Complaint, all of Plaintiffs' "causes of action are expressly premised on assertions regarding [their] rights involving the" BV-Starz License. *See Cfirstclass Corp.*, 560 F. Supp. 2d at 330. Plaintiffs, however, will undoubtedly argue that this Court should follow the holding in *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007). But *Phillips* is factually distinct from the case at bar. In *Phillips*, the court found that the copyrights at issue did not "originate from the recording contract." *Id.* at 390. In fact, the *Phillips* plaintiff explicitly "denie[d] that the contract ha[d] any role or relevance whatever with respect to his copyright claims." *Id.* at 391. In marked contrast, Plaintiffs' Complaint is littered with references to the BV-Starz License. Complaint ¶¶ 2-3, 18-24, 31-33, 37-38. Also, in *Phillips,* the jurisdiction provision was narrower than here, applying only to claims that "arise out of" the contract. *Phillips*, 494 F.3d at 389-90. Here, Plaintiffs agreed to exclusive jurisdiction in California for any suit "arising out of *or based upon*" the contract. Bridge Decl. Ex. A (BV-Starz License ¶ 26(d)) (emphasis added). It is undeniable that this suit both arises out of and is based upon the BV-Starz License. Further, as shown below, Plaintiffs' purported copyright causes of action are merely disguised breach of contract claims, and "artful pleading of claims" cannot be used to avoid enforcement of a forum selection clause. *Cuno, Inc. v. Hayward Indus. Prods., Inc.*, No. 03 Civ. 3076, 2005 WL 1123877, at *4 (S.D.N.Y. May 10, 2005) (citation omitted). Accordingly, this Court should find that all of Plaintiffs' claims "arise out of" or are "based upon" the BV-Starz License.

### 2.     DISH Can Enforce the Clause as a "Closely Related" Party

There is "ample support for the conclusion that the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Aguas Lenders Recovery Grp. LLC v. Suez, S.A.*, 585 F.3d 696, 701-02 (2d Cir. 2009)

9

(citing eight different Courts of Appeals' decisions as authority for that proposition). Indeed, a non-party to a contract, like DISH here, can "invoke a contractual forum selection clause if the non-party is 'closely related' to one of the signatories to the contract such that 'the non-party's enforcement of the . . . clause is foreseeable by virtue of the relationship between the signatory and the party sought to be bound.'" *Cfirstclass Corp.*, 560 F. Supp. 2d at 328 (ellipsis in original and citations omitted).

   *Cuno, Inc. v. Hayward Industrial Products., Inc.*, No. Civ. 3076, 2005 WL 1123877 (S.D.N.Y. May 10, 2005), is particularly instructive. In that case, plaintiff Gershenson signed a non-disclosure agreement ("NDA") with defendant Hayward, which granted Hayward rights to inventions Gershenson developed at the company. *Id.* at *1-2. The NDA contained a New Jersey forum selection clause. *Id.* at *2. Subsequently, Gershenson patented a filter assembly, and granted an exclusive license under the patent to plaintiff Cuno. *Id.* at *3. Gershenson and Cuno later sued Hayward in New York for infringing the patent, and Hayward moved to dismiss the case based on the forum selection clause in the NDA between Hayward and Gershenson. *Id.* The court found that Cuno (a non-party) was subject to the NDA's forum selection clause because Cuno's "rights as licensee of the disputed patents are derivative of and depend on Gershenson's rights" under the NDA. *Id.* at *6.

   Plaintiffs claim the same is true here. That is, Plaintiffs claim that DISH's rights to air Disney's copyrighted films are allegedly derivative of and depend on the license that Plaintiffs granted to Starz under the BV-Starz License. Complaint ¶¶ 3, 19-23, 32, 34-35, 37. Thus, *Cuno* controls and DISH can assert the forum selection clause. *See also Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1434 (N.D. Cal. 1997) (applying California law, the Court held that a forum selection clause found in professional services agreement applied to

non-signatories because they were "closely related to the contractual relationship" and their interests were tied to interpretation of the agreement).

This point is further supported by *Direct Mail Production Services Ltd. v. MBNA Corp.*, No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000). There, the court held that two non-signatories could enforce a forum selection clause where they were "closely related" to the agreement because "the promised performance" would provide "pecuniary benefit" to the non-signatories and the agreement provided the "promisor reason to know that" the non-signatories would benefit from that agreement. *See id.* at *3 (citation omitted). The court also held that "principles of mutuality and fairness" entitled the non-signatories to assert the forum selection clause to defend the plaintiff's claims because those claims "ultimately hinge[d] on rights and duties defined by the Agreement." *Id.* at *5.

That is precisely the situation here. Plaintiffs knew that cable and satellite TV providers, including DISH, would benefit from the BV-Starz License because Starz necessarily would enter into contractual arrangements with them to show Disney's films on Starz channels to their subscribers. Plaintiffs argue at length in their Complaint that DISH allegedly violated the "Pay Television" requirement because DISH is purportedly not receiving the proper consideration for distributing Starz channels to its subscribers—*i.e.*, "Dish's scheme to provide its subscribers with Starz Programming for free . . . is in direct violation of . . . the conditions and scope of BVPT's contract with Starz, in which BVPT granted Starz a limited license to distribute the Copyrighted Movies <u>solely</u> for exhibition via 'Pay Television.'" Complaint ¶ 3 (emphasis in original).

Moreover, principles of mutuality and fairness also apply here where Plaintiffs' claims "hinge" on the interpretation of the BV-Starz License, and Plaintiffs cannot avoid their

obligations by strategically not adding Starz as a party to this suit.[6]  Plaintiffs should not be

allowed to enforce only the section of the BV-Starz License against DISH that they deem

favorable to their case.

California is also a much more appropriate venue for this case.  Both of Plaintiffs'

principal places of business are located in Burbank, California.  *Id.* ¶¶ 10-11.  California,

therefore, clearly has a more significant nexus to this suit and is a more convenient forum for

both Plaintiffs.  Indeed, Plaintiffs negotiated that all suits arising out of or based upon the BV-

Starz License must be brought in Los Angeles, and Starz, a company located in Englewood,

Colorado, the same city and state where DISH is located, agreed to it.  *Compare* Bridge Decl.

Ex. A at p. 1 (BV-Starz License intro. para.), *with* Complaint ¶ 12.  Plaintiffs should not be

allowed to manipulate their way out of the forum that they chose.  As such, this Court should

recognize that DISH can enforce the forum selection clause in the BV-Starz License.

### D.      The Exclusive Jurisdiction Provision is Enforceable

The United Stated Supreme Court confers a strong presumption of validity and

enforceability to exclusive jurisdiction provisions.  *M/S Bremen v. Zapata Off-Shore Co.*, 407

U.S. 1, 15 (1972).  As Plaintiffs themselves are sophisticated businesses and negotiated and

signed the BV-Starz License, there can be no argument that the exclusive jurisdiction provision

is the product of "fraud" or "overreaching."  Further, as noted above, it would not be

"unreasonable" or "unjust" to compel Plaintiffs to litigate this case in California.  Both Disney

and BV maintain their principal places of business there.  Complaint ¶¶ 10-11.

Accordingly, DISH requests that this Court dismiss all of Plaintiffs' claims because the

mandatory forum selection clause in the BV-Starz License dictates that such causes of action be

brought in Los Angeles, California.

---

[6] Obviously, if Starz had been joined, this action could only have been brought in Los Angeles.

**V.    PLAINTIFFS' COPYRIGHT CLAIMS (COUNTS 1-3) SHOULD BE DISMISSED**

Plaintiffs move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts 1-3 for copyright infringement because the claims are governed by the license agreement and are contractual in nature.  "To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *MacEntee v. IBM*, No. 08 Civ. 7491, 2011 WL 812395, at *4 (S.D.N.Y. Mar. 3, 2011) (citations omitted).  "If the parties' intent is unambiguously conveyed by the plain meaning of the agreements, then 'interpretation is a matter of law,'" and may be resolved by "Rule 12(b)(6) dismissal." *Crane Co.* v. *Coltec Indus., Inc.*, 171 F.3d 733, 737 (2d. Cir. 1999) (citation omitted).

**A.    Based on the Plain Language of the BV-Starz License, Counts 1-3 for Copyright Infringement Are Properly Breach of Contract Claims and Should Be Dismissed**

The Second Circuit has made it clear that "[a] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998).  In such a case, the copyright owner must proceed on contractual theories.  *Id.*  The only exception to this rule is when there is a violation of a term in the license agreement that constitutes a condition precedent to the grant of the license that operates to rescind the license grant, rather than a covenant to perform under the agreement.  *See, e.g., id.* at 236 ("Generally, '[i]f the [licensee's] improper conduct constitutes a breach of a covenant undertaken by the [licensee] . . . and if such covenant constitutes an enforceable contractual obligation, then the [licensor] will have a cause of action for breach of contract,' not copyright infringement" (ellipsis and alteration in original) (citation omitted)).  No exception applies here.  The "Pay Television" requirement is a covenant, not a condition precedent.

13

Plaintiffs rest their copyright claims on the allegation that DISH's 30th anniversary Starz promotion purportedly did not meet the definition of "Pay Television" in the BV-Starz License. Based on the clear terms of that License, however, the "Pay Television" provision is a covenant—a promise by Starz to use the copyrighted materials for Pay Television (in addition to other enumerated, authorized uses)—not a condition precedent to the grant of the copyright license. "Conditions precedent are disfavored because they tend to work forfeitures . . . Wherever possible, equity construes ambiguous contract provisions as covenants rather than conditions."[7] *MDY Indus. v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010); *see also Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 n.7 (9th Cir. 1990) (conditions precedent disfavored and must be made in plain, unambiguous language); *Netbula LLC v. Storage Tech. Corp.*, No. C06-07391, 2008 WL 228036, at *7-8 (N.D. Cal. Jan. 18, 2008) (under California law, conditions precedent in copyright licenses are disfavored).[8]

Courts find a provision to be a "condition precedent" only where the plain language of the contract makes it clear that a breach of the provision reverts the rights back to the grantor. *E.g.*, *Maldonado v. Valsyn, S.A.*, No. 06 Civ. 15290, 2009 WL 3094888, at *4 (S.D.N.Y. Sept. 23, 2009), *aff'd*, 390 Fed. Appx. 27 (2d Cir. 2010) (covenant not condition where no provisions providing for the automatic reversion of copyrights upon breach); *Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, No. C07-02499, 2009 WL 330259, at *12 (N.D. Cal. Feb. 10, 2009) (no condition precedent where contract failed to state that breach would "be viewed as a copyright violation"); *Ariel (UK) Ltd. v. Reuters Grp. PLC*, No. 05 Civ. 9646, 2006 WL 3161467, at *8-10 (S.D.N.Y. Oct. 31, 2006), *aff'd*, 277 Fed. Appx. 43 (2d Cir. 2008) (dismissing copyright claims

---

[7] Pursuant to the choice of law provision, the BV-Starz Agreement is governed by California law.

[8] Likewise, "New York respects a presumption that terms of a contract are covenants rather than conditions." *Graham*, 144 F.3d at 237.

with prejudice where license agreement did not state conditions precedent or state that license would revert upon breach).

Here, the BV-Starz License specifically and separately enumerates the "<u>CONDITIONS PRECEDENT TO OBLIGATIONS OF THE PARTIES,</u>" and Pay Television is not among them. Bridge Decl. Ex. A (BV-Starz License ¶ 25). ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████; *see also Russian Entm't Wholesale, Inc. v. Close-Up Int'l, Inc.,* No. CV-05-4073, 2011 WL 743127, at *14 (E.D.N.Y. Mar. 3, 2011) (claim was for breach of contract because contract stated that "reproduction of non-complying disks is a 'violation' of the agreement," not a condition precedent).  Further, the BV-Starz License does not contain any "reversion of rights" language.

Since the plain and unambiguous language of the BV-Starz License demonstrates that "Pay Television" is not a condition precedent, as it was intentionally excluded from the "Conditions Precedent" section of the license, Plaintiffs' so-called copyright claims are nothing more than run-of-the-mill breach of contract claims and, on that basis, should be dismissed.

**B.**  **<u>Plaintiffs' Copyright Claims Also Should Be Dismissed Because Even If DISH Violated the "Pay Television" Provision, It Could Still Be in Compliance with the Terms of the BV-Starz License</u>**

Plaintiffs claim only that DISH violated the "Pay Television Service" definition in the BV-Starz License. *E.g.*, Complaint ¶ 22.  DISH, however, can still comply with the terms of the BV-Starz License even if it violated the "Pay Television" requirement.  In particular, the BV-Starz License provides:

15



█████████████ This omission from the Complaint is fatal to Plaintiffs' already flawed copyright claims. ████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████

## VI.   STARZ MUST BE JOINED AS A NECESSARY PARTY TO THIS DISPUTE

"Rule 12(b)(7) allows a party to assert by motion the defense that the opposing party failed to join a party under Rule 19." *Davidson Well Drilling, Ltd. v. Bristol-Meyers Squib Co.*, No. 09 Civ. 1431, 2009 WL 2135396, at *2 (S.D.N.Y July 16, 2009).[10]  Rule 19(a)(1)(B)(ii) of the Federal Rules of Civil Procedure "deems an absent party necessary if the absence of that party will leave the existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Id.* at *4; Fed. R. Civ. P. 19(a)(1)(B)(ii).  Rule

---

[9] "STE" is defined as Starz Entertainment LLC.  Bridge Decl. Ex. A at p. 1 (BV-Starz License Intro. para.).

[10] In support of a Rule 12(b)(7) motion, a party may "submit matters outside of the pleadings, including affidavits and exhibits." *Bomar Res., Inc. v. Sierra Rutile Ltd.*, No. 90 Civ. 3773, 1991 WL 4544, at *4 (Jan. 15, 1991).

19(a)(1)(B)(i) makes a party necessary if "disposing of the action in the [non-party] person's absence may . . . as a practical matter impair or impede the [non-party] person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i).  Under either prong, Starz is a necessary party. Joinder of Starz advances Rule 19's "dual interests of achieving judicial economy and minimizing prejudice, particularly to the defendant and the absent party, by joining all interested parties in one action." *Errico v. Stryker Corp.*, No. 10 Civ. 3960, 2010 WL 5174361, at *3 (S.D.N.Y. Dec. 14, 2010).

"***It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party.***" *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) (emphasis added). Here, Starz is a party to the BV-Starz License, which is the foundation for all of Plaintiffs' claims against DISH (*see, e.g.*, Complaint ¶ 19), and Plaintiffs' copyright claims are to be treated as contract claims. *See* Section V, Part A., *supra* at pp. 13-15. Thus, according to "well-established" law, Starz is a necessary party to this suit and must be joined.  Even if Plaintiffs could assert copyright claims (which they cannot), the interpretation of the BV-Starz License is still the central issue in the case, making it necessary to join Starz as a party.

It also would be a colossal waste of judicial resources for two courts to decide two cases based on the exact same allegations, but that is precisely what will happen if Plaintiffs and Starz are allowed to proceed with their separate suits against DISH.  On May 3, 2011, the same day that Plaintiffs served DISH with their Complaint, Starz brought an action against DISH for breach of contract and declaratory relief in Colorado State Court.  Bridge Decl. Ex. B (Starz Complaint).  Starz' Complaint is premised on the same factual allegations as Plaintiffs allege here, *i.e.*, that DISH's purported "FREE" promotion of Starz channels was not consistent with

the "Pay Television" provisions in the BV-Starz License. *Id.* ¶¶ 7, 8, 34. There is no reason for two separate courts to be burdened with litigation over the same facts, involving the same parties, seeking the same relief.

Moreover, if Starz is not joined in this case, the two separate actions brought by Plaintiffs and Starz create a substantial risk of double or inconsistent obligations. ***Plaintiffs and Starz both seek the same relief***: an injunction prohibiting DISH from offering any Starz programming "for free." Complaint at p. 19 (Prayer for Relief ¶ A); Bridge Decl. Ex. B (Starz Complaint ¶¶ 25-38, Prayer for Relief ¶ D). Thus, there is a substantial risk that DISH could face inconsistent obligations unless Starz is joined. A key issue in both cases will be whether DISH's 30th Anniversary promotion was in compliance with the BV-Starz License or whether Starz unlawfully authorized DISH to do so in violation of the BV-Starz License. *See* Complaint ¶ 32 ("Neither the Plaintiffs nor Starz have granted any license, permission, or authorization to Dish to use [or] distribute . . . the Copyrighted Movies in this manner."); *see also* Bridge Decl. Ex. B. (Starz Complaint ¶ 31) ("Starz never approved of Dish's one year giveaway of its channels and content."). "The interest in shielding the defendant from inconsistent or multiple obligations is perhaps most acute where the absent party is also a party to a contract, the enforceability of which is the subject of the litigation." *Errico*, 2010 WL 5174361, at *3. Starz, a party to the BV-Starz License, is a necessary party.

Additionally, Starz is a necessary party because its interests will be impaired if it is not joined. "Adjudication of a case in the absence of a party is prejudicial when it is 'difficult to imagine how the issue of whether [the absent party] breached its obligations under the [contract] would be resolved without its participation in the litigation.'" *Davidson Well Drilling, Ltd.*, 2009 WL 2135396, at *4 (alteration in the original). ████████████████████████

18

████████████████████████████████

████████████████████████████████

████████████████████████████████ Starz cannot

defend against a claim that it breached the BV-Starz Agreement by authorizing DISH's 30th

Anniversary promotion if it is not joined as a party to this suit.

Under either Rule 19(a)(1)(B)(i) or 19(a)(1)(B)(ii), Starz is a necessary party to this case.

Indeed, the entire case is premised on the contract between Plaintiffs and Starz. Starz must be

joined as a necessary party. If not, the case should be dismissed pursuant to Rule 12(b)(7).

---

[11] "Picture" or "Pictures" means "the motion pictures licensed by Licensor to STE hereunder."
Bridge Decl. Ex. A (BV-Starz License ¶ 1(x)).

## VII.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court dismiss this action because the California courts have exclusive jurisdiction.  In the alternative, this Court should dismiss Counts 1-3 with prejudice because Plaintiffs cannot state a claim for copyright infringement—their claims are contractual in nature; and Starz should be joined as a party or the case dismissed for failure to join a necessary party.

Dated: New York, New York
       May 24, 2011

                                    Respectfully submitted,

                                    Orrick, Herrington & Sutcliffe LLP

                                    By: _____
                                        J. Peter Coll, Jr.
                                        51 West 52nd Street
                                        New York, NY  10019-6142
                                        (212) 506-5000 (tel.)
                                        (212) 506-5151 (fax)
                                        pcoll@orrick.com

                                        Of Counsel:
                                        Kent Goss
                                        Valerie M. Goo
                                        777 South Figueroa Street, Suite 3200
                                        Los Angeles, CA 90017
                                        (213) 629-2020 (tel.)
                                        (213) 612-2499 (fax)
                                        kgoss@orrick.com

                                    *Attorneys for Defendant DISH Network LLC*