767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

Theodore E. Tsekerides
+1 212 310 8218
theodore.tsekerides@weil.com

# MEMO ENDORSED

June 20, 2013

The Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/13

BY E-MAIL

Re: **Disney Enterprises, Inc. et al. v. DISH Network L.L.C., Case No. 11 Civ. 2973 (AT)**

Dear Judge Torres:

We represent Plaintiffs Disney Enterprises, Inc. and Buena Vista Pay Television, Inc. (collectively the "**Plaintiffs**") in this litigation. We write jointly with counsel for defendant DISH Network L.L.C. ("**DISH**" or "**Defendant**," and together with the Plaintiffs, the "**Parties**") in response to Your Honor's June 12, 2013, Order (the "**June 12 Order**") that requested the Parties jointly provide certain information concerning the above-referenced matter. For convenience, the headings and numbering herein correspond to those contained in the Order.

1. **Names of counsel and current contact information, if different from the docket;**

    The docket accurately reflects the names of counsel and their current contact information. The only exception is Scott Bridge who has left Orrick, Herrington & Sutcliffe LLP; his name will be removed from the docket.

2. **A brief statement of the nature of the case and/or the principal defenses thereto;**

    This is a copyright infringement case arising out of a promotion whereby DISH provided certain Starz cable channels to certain of its existing subscribers for one year at no additional charge to the customer. The promotion ended in February 2012. On May 2, 2011, Plaintiffs filed a lawsuit against Defendant alleging that DISH violated the copyright law by providing the premium programming appearing on various Starz cable channels—including an entire slate of the Plaintiffs' copyrighted movies (the "**Copyrighted Movies**")—to millions of DISH subscribers for free for one year as part of the promotion. The complaint further alleged that DISH's conduct wrongfully interfered with a number of the Plaintiffs' and/or their affiliated companies' license agreements with pay and basic cable

The Honorable Analisa Torres
June 20, 2013
Page 2

television networks that grant such networks the exclusive rights to exhibit the Copyrighted Movies for a specific period of time. On March 23, 2012, Defendant answered the Complaint denying that its promotion infringed any copyrights and asserting a variety of defenses, including that the giveaway was approved by Starz Entertainment, L.L.C. ("**Starz Entertainment**"), the owner of the Starz channels; that the giveaway was permitted or otherwise in conformity with the terms of the license agreement between Plaintiffs and Starz Entertainment; and that Plaintiffs had waived any claim that the giveaway violated Plaintiffs' rights.

3. **A statement of all existing deadlines, due dates, and/or cut-off dates;**

All existing deadlines, due dates, and/or cut-off dates, with the exception of the date of the final pretrial conference (which was adjourned to January 31, 2014 at 11:00 a.m. in the June 12 Order), are set forth in the Sixth Amended Civil Case Management Plan (Docket No. 84) attached hereto as Exhibit A.

4. **A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;**

A telephonic conference was scheduled with Magistrate Judge Kevin Nathaniel Fox for August 6, 2013, at 10:30 a.m. An agenda was not set for the conference, however, the Parties anticipated discussing the status of settlement negotiations and whether further amendment of the discovery schedule would be necessary to allow the parties to further pursue settlement.

5. **A brief description of any motion that has been made, including the date of the motion and whether the motion has been decided;**

On May 10, 2011, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 65 seeking a preliminary injunction enjoining Defendant from allegedly violating Plaintiffs' copyrights by the unauthorized distribution of Plaintiffs' copyrighted motion pictures on Starz without charging or collecting an additional premium charge. On May 20, 2011, Defendant filed an opposition to Plaintiffs' request for a preliminary injunction. The Court after a hearing denied Plaintiffs' request for a preliminary injunction in an Order dated June 1, 2011.

On May 24, 2011, Defendant filed a motion to dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure on the ground that an exclusive forum selection clause precluded the exercise of jurisdiction by this Court and pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure unless non-party Starz Entertainment was joined to the above-captioned action under Rule 19. Alternatively, Defendant requested that the Court dismiss the tortious interference claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint fails to state a cause of action upon which relief can be granted. In an Order dated October 11, 2011, the Court refused to dismiss the case or join Starz Entertainment as a necessary party to the lawsuit but granted DISH's motion to dismiss Plaintiffs' tortious interference claim.

6. **A statement of whether there are any pending appeals;**

The Honorable Analisa Torres
June 20, 2013
Page 3

There are no pending appeals.

7. **A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;**

The parties are currently in discovery and have exchanged discovery requests (*i.e.*, document requests and interrogatories) and responses and conducted a number of meet-and-confers to resolve outstanding discovery issues. On October 28, 2011, the Court referred the Parties' disputes over certain discovery issues to Magistrate Judge Fox. A discovery conference before Magistrate Fox took place on December 6, 2011 where certain issues regarding the scope of discovery were resolved. The Parties also agreed to continue to try to resolve certain other unresolved discovery disputes following the conference but have yet to exchange documents.

To date, only one deposition has occurred—the deposition of an executive of non-party Starz Entertainment, Edward Huguez. The deposition was taken in connection with a separate litigation filed by Starz Entertainment against Defendant in state court in Colorado; however, the Parties agreed that the deposition could be used in the instant litigation.

Fact discovery is currently scheduled to close on October 25, 2013 and expert discovery is scheduled to close on January 13, 2014.

8. **A statement describing the status of any settlement discussions, and whether the parties have a joint interest in referral to a United States Magistrate Judge for settlement purposes;**

The Parties are currently, and have been, engaged in settlement negotiations. However, settlement negotiations have been complicated by the fact that there were two other actions involving the same promotion pending in other jurisdictions.

On May 3, 2011, Starz Entertainment filed a lawsuit in Colorado state court against DISH, alleging that DISH breached its agreement with Starz Entertainment by distributing the premium programming appearing on Starz Entertainment to millions of DISH subscribers for free (District Court, Douglas County, Colorado, Case No. 2011CV1165). After a week of trial, Starz Entertainment settled with DISH. The terms of the settlement are confidential.

On July 19, 2011, FX Networks, LLC ("**FX**") sued DISH and Starz Entertainment in California state court alleging that the promotion intentionally interfered with FX's exclusive licenses with Plaintiffs and others to premiere and exhibit motion pictures on free television (Superior Court of California, County of Los Angeles, Western District, Case No. SC13447). FX further alleged that DISH's conduct violated Section 17200 of the California Business and Professions Code and interfered with FX's prospective economic advantage. The Court denied FX's motion for a preliminary injunction, after a hearing, on August 31, 2011. The Court also dismissed FX's claim for unfair competition pursuant to Section 17200. Trial has been set for June 9, 2014 in the California action.

The Honorable Analisa Torres
June 20, 2013
Page 4

The Parties have exchanged various detailed term sheets regarding potential settlement and settlement discussions are ongoing. As indicated above, the Parties are to appear before Magistrate Fox telephonically on August 6, 2013 and can utilize that conference for settlement purposes.

9. **An estimate of the length of trial; and**

The Parties currently anticipate that a trial in this matter would take approximately two weeks.

10. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

None.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| /s/ Theodore E. Tsekerides | /s/ J. Peter Coll, Jr. |
| Theodore E. Tsekerides | J. Peter Coll, Jr. |
| Weil, Gotshal & Manges LLP | Orrick, Herrington & Sutcliffe LLP |
| 767 Fifth Avenue | 51 West 52nd Street |
| New York, NY 10153 | New York, NY 10019 |
| Phone: (212)-310-8218 | Phone: 212-506-5000 |
| Fax: (212)-310-8007 | Fax: 212-506-5151 |
| Email: theodore.tsekerides@weil.com | Email: pcoll@orrick.com |
| Attorneys for Plaintiffs | Attorneys for Defendant |

Encls.

The Clerk of Court is directed to remove Scott Bridge from the docket.
SO ORDERED.

_____
ANALISA TORRES
United States District Judge
June 20, 2013

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Disney Enterprises, Inc. and Buena Vista Pay Television, Inc.<br><br>Plaintiffs,<br><br>-against-<br><br>Dish Network L.L.C.,<br><br>Defendant. | Civil Action No. 11-Civ-2973 (GBD)<br><br>[Proposed] Sixth Amended Civil Case Management Plan and Scheduling Order |

After consultation between counsel for the parties, the following Sixth Amended Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure:

1. Except for good cause shown, all fact discovery shall be commenced in time to be completed by **October 25, 2013**. The discovery completion date shall not be adjourned except upon a showing of extraordinary circumstances.

2. If the parties intend to rely on testifying experts in the case, reports from affirmative experts are to be served by **November 15, 2013**.

3. If the parties intend to rely on testifying experts in the case, reports from rebuttal experts are to be served by **December 13, 2013**. Expert discovery, including depositions, to be completed by **January 13, 2014**.

4. Dispositive motions are to be served by **January 24, 2014**. Answering papers are to be served within 14 days. Reply papers are to be served within seven (7) days. In the event a dispositive motion is made, the date for submitting the Joint Pretrial Order shall be changed from that shown herein to three (3) weeks from the decision on the motion. The final pretrial conference shall be adjourned to a date four (4) weeks from the decision on the motion.

5. A final pretrial conference will be held on **January 30, 2014** at 9:30 a.m.

6. The Joint Pretrial Order shall be filed no later than **February 13, 2014**. The requirements for the pretrial order and other pretrial submissions shall be governed by the Court's Individual Rules of Practice.

US_ACTIVE:\44204985\3\79593.0030

7. All motions and applications shall be governed by the Court's Individual Rules of Practice.

8. The parties shall be ready for trial within 48 hours notice on or after **February 27, 2014**. The estimated trial time is 7–8 days, and this is a jury trial.

Dated: New York, New York
March 22, 2013

WEIL, GOTSHAL AND MANGES LLP

By: _____
Bruce S. Meyer
Theodore E. Tsekerides
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (tel.)
(212) 310-8007 (fax)
bruce.meyer@weil.com

*Attorneys for Plaintiffs*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
J. Peter Coll, Jr.
51 W. 52nd Street
New York, NY 10019-6142
(212) 506-5000 (tel.)
(212) 506-5151 (fax)
pcoll@orrick.com

*Attorneys for Defendant*

Dated: MAR 22 2013

SO ORDERED:

_____
Hon. George B. Daniels
United States District Judge

2

US_ACTIVE:\44204985\3\79503.0030